UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS, | No. C 10-1005 SI (pr) |
|     Plaintiff, | **ORDER RE. SERVICE OF PROCESS** |
|     v. | |
| C/O T. MILLER, | |
|     Defendant. | |

On August 26, 2010, the court issued an Order On Initial Review in which it explained that plaintiff, rather than the U.S. Marshal, had to tend to serving the summons and amended complaint on defendant because he was not proceeding as a pauper. The court ordered that, no later than January 4, 2011, plaintiff had to "(1) file a proof of service showing that he has served the summons and amended (sic) complaint on the defendant or (2) show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint." Order On Initial Review, p. 2. The court also specifically stated that it "will not serve process for him, nor will it order the U.S. Marshal to do it." Id.

Plaintiff thereafter filed a motion for an order directing the Marshal to serve process at plaintiff's expense, a motion to extend the deadline to serve the summons and complaint, and later filed a motion for entry of default.

Plaintiff's motion for an order directing the Marshal to serve process is DENIED. (Docket # 14.) Plaintiff must take care of service of process without the aid of the Marshal, as the court clearly stated in the Order On Initial Review. (Plaintiff has recently received a very sizeable payment in settlement of another case and can, for example, find a process server in the Yellow Pages for hire, or have some trusted acquaintance outside the prison assist him.)

Plaintiff attempted to serve process on defendant by mailing the summons and complaint to him by certified mail with a return receipt requested, or by mailing a notice of lawsuit and request for waiver of service of summons to defendant, or by doing both. The court cannot determine precisely which method he used because he provided conflicting information. Plaintiff stated in several filings that he mailed a "notice of lawsuit and request for waiver of service of summons." Application For Enlargement of Time, p. 2; see also Request For Status Report, p. 2; Request For The Court To Issue An Order To Have The United States Marshals Serve The Summons And Complaint, p. 1. On the other hand, he stated in his request for entry of default that defendant was served with a copy of the summons and complaint, and that is what is shown on the unsigned proof of service attached as an exhibit thereto. See Request For Entry Of Default, p. 2. Defendant never responded and has not appeared in this action. Regardless of whether plaintiff mailed only the summons and complaint or sent those documents with a notice of lawsuit and request to waiver service of a summons, he failed to successfully accomplish service of process.

Under Federal Rule of Civil Procedure 4, an individual defendant may be served with process by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or "(2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Service by mail is not allowed under Rule 4.[1]

---

[1] Although Rule 4 allows a plaintiff to utilize methods allowed by state law, California law does not allow for service of process by simply mailing a copy of the summons and complaint to a defendant. Instead, if one wants to try to use the mail for service in California, he must use the specific notice and acknowledgment of receipt procedure described in California Code of Civil Procedure § 415.30. Under that method, the following must be mailed first class to the defendant by someone other than the plaintiff: (a) a copy of the summons and complaint, (b) two copies of the notice and acknowledgment form, and (c) a return envelope, postage prepaid, addressed to the sender. The notice and acknowledgment form must be in "substantially the form" as that in the text of § 415.30(b) If a defendant mails back the form, service is deemed complete upon his execution of the written acknowledgment of receipt of summons. Cal. Code

There is, however, a procedure available for requesting a defendant to waive the service requirement, but the defendant's cooperation is necessary to make it work. Rule 4(d)(1) allows a plaintiff to send to the defendant a notice of the commencement of action and request that the defendant waive service of a summons. Rule 4(d)(1) sets out the particular documents that must be sent to the defendant. However, if the defendant fails to return the signed waiver, the plaintiff must serve process on that defendant using one of the methods listed in Rule 4(e). See Fed. R. Civ. P. 4(d)(2). A defendant will have to pay for the alternative method of service eventually, but service of process must be done if the defendant fails to sign and return the waiver. Fed. R. Civ. P. 4(d)(2).

It appears that plaintiff in this action attempted to use the Rule 4(e) waiver of service procedure but, because defendant never returned a signed waiver form, the procedure did not succeed and plaintiff must cause service of process using another method. If plaintiff mailed only the summons and complaint, the service effort was defective because neither the federal rule nor state law permit that method of service, even if the mail is certified and even if a return receipt is obtained. Defendant has not been served properly. Plaintiff's request for entry of default therefore is DENIED. (Docket # 17.)

Plaintiff's request for an enlargement of time to serve the summons and complaint is GRANTED. (Docket # 15.) Plaintiff will be given one more chance to accomplish service of process. No later than **July 1, 2011**, plaintiff must file a proof of service showing that the summons and complaint were successfully served on defendant. If he attempts to use the notice and acknowledgment of receipt procedure, and defendant does not mail back the forms, he must use another method to accomplish service of process by the deadline. Failure to file proof by the deadline that service of process was *successfully accomplished* will result in the dismissal of this action.

---

Civ. Proc. § 415.30(c). If a defendant does not mail back the form within 20 days, the plaintiff must serve him by some other means, id. at § 415.30(d), such as one of those methods permitted by Federal Rule of Civil Procedure 4(e). This state procedure has many similarities to Rule 4(d)'s waiver of service procedure, but a plaintiff must be extremely careful to follow all the steps that apply to the particular procedure he chooses.

3

The clerk shall issue a replacement summons for defendant Miller and mail it to plaintiff for his use in service of process.

IT IS SO ORDERED.

Dated: May 2, 2011

_____
SUSAN ILLSTON
United States District Judge