1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                        NORTHERN DISTRICT OF CALIFORNIA
7
8  GERRY WILLIAMS,                              No. C 10-1005 SI (pr)
9              Plaintiff,                       **ORDER DENYING REQUESTS FOR**
                                                **COUNSEL AND A REPLY; SETTING**
10       v.                                     **BRIEFING SCHEDULE**
11  C/O T. MILLER,
12              Defendant.
13  _____/

14       Plaintiff has requested that counsel be appointed to assist him in this action. A district

15  court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an

16  indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328,

17  1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits

18  and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal

19  issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together

20  before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances

21  requiring the appointment of counsel are not evident. The request for appointment of counsel

22  is DENIED. (Docket # 30.)

23       Plaintiff has filed a motion for an order requiring defendant to reply to plaintiff's

24  complaint rather than to permit defendant to utilize the waiver of reply allowed under 42 U.S.C.

25  § 1997e(g). Before plaintiff filed his motion, however, defendant had filed a waiver of reply,

26  as was his right under 42 U.S.C. § 1997e(g). (The "reply" referred to in § 1997e(g) appears to

27  be the answer to the complaint.) At this time, defendant will not be required to file an answer

28  to the complaint. Plaintiff's motion to require a reply is DENIED. (Docket # 27.) The court

will, however, set a briefing schedule for dispositive motions.

United States District Court
For the Northern District of California

1       1.      In order to expedite the resolution of this case, the following briefing schedule for

2  dispositive motions is set:

3       a.      No later than **June 22, 2012**, defendant must file and serve a motion for

4  summary judgment or other dispositive motion.  If defendant is of the opinion that this case

5  cannot be resolved by summary judgment, defendant must so inform the court prior to the date

6  the motion is due.

7       b.      Plaintiff's opposition to the summary judgment or other dispositive motion

8  must be filed with the court and served upon defendants no later than **July 27, 2012**.  Plaintiff

9  must bear in mind the following notice and warning regarding summary judgment as he prepares

10  his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (_See Rand v. Rowland_, 154 F.3d 952, 962-63 (9th Cir. 1998).)

20  Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust

21  administrative remedies instead of, or in addition to, a motion for summary judgment.  A motion

22  to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if

23  granted, result in the termination of the action.  The plaintiff must "develop a record" and present

24  it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss.

25  _Wyatt v. Terhune_, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

26       c.      If defendant wishes to file a reply brief, the reply brief must be filed and

27  served no later than **August 13, 2012**.

28       2.      All communications by plaintiff with the court must be served on a defendant's

**United States District Court**
For the Northern District of California

2

counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

5.    Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: April 9, 2012

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California