UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>C/O T. MILLER,<br><br>    Defendant.<br>_____/ | No. C 10-1005 SI (pr)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT, DISCOVERY, AND SANCTIONS** |

Plaintiff has requested entry of default against defendant Miller because Miller failed to file and serve a dispositive motion by the deadline set by the court and did not satisfactorily answer plaintiff's discovery requests. The request for entry of default is DENIED because defendant was not in default at the time the request was filed. (Docket # 39.) Defendant sought and obtained an extension of the deadline to file his dispositive motion. The motion for summary judgment and to dismiss that was filed on August 31, 2012 was timely filed. Entry of default would not be the appropriate remedy for the alleged inadequacies in the discovery responses.

Plaintiff's motion to compel inspection of documents is DENIED. (Docket # 42.) Although plaintiff declares that he mailed a request for inspection of documents to defense counsel on April 30, 2012, the proof of service for the request is in plaintiff's own handwriting and is dated May 14, 2012. *See* Docket # 43-1, p. 6. The court finds that the request was put in the mail no earlier than May 14, 2012. Using that date as the date of service, defendants' responses mailed to plaintiff on June 18, 2012 were timely. Defendant had 30 days to respond, plus an extra 3 days because the requests were sent by mail; since the 33rd day fell on a weekend, he had until Monday, June 18, 2012 to respond. *See* Fed. R. Civ. P. 6, 34(b)(2)(A).

He met the deadline. Since the motion fails on the merits, the court will not address the adequacy of the meet-and-confer process except to note that, had defense counsel received the letter, this is exactly the kind of discovery dispute that could have been worked out without need for court intervention – plaintiff's mistaken mailing date would have been pointed out and the dispute would have ended without need for court action.

Plaintiff moved for sanctions against defendant based on defendant's alleged failure to timely file his dispositive motion and delay in responding to plaintiff's discovery request. The motion for sanctions is DENIED because plaintiff is wrong on both counts, as explained in the foregoing paragraphs. *See* Docket # 42.

In light of the possibility plaintiff was waiting for a response to his several motions before preparing his opposition to the pending motion to dismiss and for summary judgment, the court now extends the deadlines on that motion.

1. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **November 2, 2012**.

2. Defendant must file and serve his reply brief (if any) no later than **November 16, 2012**.

IT IS SO ORDERED.

Dated: September 28, 2012

_____
SUSAN ILLSTON
United States District Judge